IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONICA ELLEN YOUNG                                                                    PLAINTIFF

vs.                                        Civil No. 2:14-cv-02176

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ronica Ellen Young ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

On June 30, 2011, Plaintiff protectively filed her disability applications. (Tr. 32).  In these applications, Plaintiff alleges being disabled due to a stroke, brain damage, and post-traumatic stress disorder. (Tr. 197).  Plaintiff alleges a disability onset date of March 12, 2007. (Tr. 32).  Plaintiff's disability applications were denied initially and again upon reconsideration.  (Tr. 118-121).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 136). This hearing request was granted, and an administrative hearing was held on August 22, 2012 in Fort Smith, Arkansas. (Tr. 71-117). At this hearing, Plaintiff was present and was represented by Frank Booth. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* On the date of the hearing, Plaintiff testified she was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 23). As for her education, Plaintiff testified she stopped school in the twelfth grade of high school, but she did obtain her GED. (Tr. 91).

On November 30, 2012, the ALJ entered an unfavorable decision. (Tr. 29-44). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 34, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since at least May 12, 2007 (her alleged onset date). (Tr. 34, Finding 2). The ALJ determined Plaintiff had the following severe impairments: stroke, migraine headaches, post-traumatic stress disorder, panic attacks, and affective disorder. (Tr. 34-35, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 35-37, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 37-43, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must avoid even moderate exposure to hazards (including dangerous moving machinery, unprotected heights, and driving a car); and the claimant is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables, and little judgment required, and where the supervision required is simple, direct, and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 43-44, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform her PRW as a mail clerk (light, unskilled). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 12, 2007 (alleged onset date) through November 30, 2012 (ALJ's decision date). (Tr. 44, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 27). On June 20, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On August 14, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 3, 2014. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following claims[2]: (A) the ALJ did not objectively consider all of the evidence in her case; (B) the ALJ erred by discounting the findings of her treating physicians; and (C) the ALJ erred in assessing her credibility. ECF No. 9. Defendant has responded to Plaintiff's arguments. ECF No. 10. The Court will consider each of the issues Plaintiff has raised.

    **A.     ALJ's Consideration of the Evidence**

Plaintiff claims the ALJ "assumed the role of 'advocate' rather than his assigned role to fully develop a record." ECF No. 9 at 3-4. Plaintiff claims the ALJ was an "advocate" against her because he discounted all of the evidence favorable to her and adopted all of the evidence not favorable to her. *Id.*

The Court has reviewed the ALJ's consideration of the evidence in this matter, and the Court finds the ALJ conducted a very thorough review of the record in this case. As an initial matter, the ALJ compiled a transcript of over 900 pages. Then, the ALJ provided a detailed, thirteen-page

---

[2] In her briefing, Plaintiff also raises the additional claim that the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. The arguments raised under this issue will be addressed in (A) through (C). Thus, there is no need to address this argument separately.

opinion outlining support for his finding that Plaintiff is not disabled. The ALJ considered Plaintiff's subjective complaints, the medical evidence, and all other evidence included in the transcript. As Defendant notes, the ALJ's only duty in developing the record is to ensure he or she has sufficient evidence to render an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 868 (8th Cir. 1994).

Here, Plaintiff has not demonstrated or provided any evidence indicating the ALJ did not have sufficient evidence to make an informed decision. Further, Plaintiff has provided no evidence demonstrating a remand is required or demonstrating the ALJ was in any way biased against her. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Thus, the Court finds there is no basis for a remand on this issue.

    **B.**    **Plaintiff's Treating Physicians**

Plaintiff claims the ALJ erred in evaluating the opinions of her treating physicians. ECF No. 9 at 6-7. In making this argument, Plaintiff does not provide a specific finding by one of her treating physicians which *should have been adopted. Id.* Instead, Plaintiff broadly claims the ALJ erred in evaluating their opinions. *Id.*

Upon review, the Court finds Plaintiff's argument is without merit. Indeed, as stated above, the ALJ fully evaluated Plaintiff's medical records, including those from her treating sources. Further, the ALJ did not entirely discount their findings but afforded them "substantial weight." Plaintiff claims the ALJ should have afforded all of the opinions all of her treating physicians "controlling weight," not "substantial weight." ECF No. 10. However, the ALJ did not afford all of the opinions of all of her treating physicians controlling weight because of certain inconsistences in the record.

First, as the ALJ found, one treating physician interpreted Plaintiff's MRI one way while

6

another treating physician interpreted another way. (Tr. 43). Clearly, the ALJ could not have afforded them *both* controlling weight. Second, Plaintiff alleges being disabled due to depression and reported suffering from severe depression to several of her treating physicians. To some of her other treating physicians, however, she reported her conditions had improved with medication and she felt "good" and "very happy." The ALJ noted both of these facts. (Tr. 42). Thus, the Court finds the ALJ did not error by affording the opinions of her treating physicians "substantial weight" and not "controlling weight."

### C. ALJ's Credibility Determination

Plaintiff spends the bulk of her briefing on her claim that the ALJ erred in assessing her credibility. ECF No. 9 at 7-16. Thus, the Court will fully review this issue. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).

The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski* and offered several valid reasons for discounting Plaintiff's subjective complaints. The ALJ noted Plaintiff had extensive daily activities, including being "able to care for her two young sons (including feeding, bathing, and clothing them), prepare simple meals, perform general household cleaning tasks, shop for groceries, attend medical appointments, manage her finances, go out to dinner and/or barbeque with her friends, attend college classes, drive a vehicle, and occasionally engage in hobbies (such as arts & crafts)."  (Tr. 39-40).

In her briefing, Plaintiff claims she is unable to perform these activities daily.  ECF No. 9 at

7-16. She claims she is only able to perform them on "good days." *Id.* Plaintiff claims that on her "bad days," she is unable to do anything. *Id.*

Despite her claim of "good days" and "bad days," the ALJ found those allegations were not entirely true, and she has a history of exaggerating her symptoms. Specifically, as the ALJ noted, Plaintiff told a different story at the administrative hearing regarding her limitations than she did to her treating physicians. As the ALJ noted, despite her allegation at the administrative hearing of being disabled due to depression, she reported on several occasions to her treating physicians that she was doing well and "good" and felt great while taking her medications. (Tr. 42).

Further, as for her headaches, which she also claimed were disabling, Plaintiff reported to her treating physician that she was "able to cause an abrupt resolution of her headaches with [the medication] Cambia within about 10 minutes of use." *Id.* If her headaches can be treated and corrected with medication, they are not disabling. *See Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996) (recognizing that conditions which can be treated with medication are not disabling).

Likewise, the ALJ noted Plaintiff did not comply with the prescribed course of medical treatment, which also lessened her credibility. As the ALJ noted, Plaintiff refused "to pursue recommendations of her treating physicians" which the ALJ found to be "at odds with her allegations of disabling symptoms and limitations." (Tr. 43). The Court finds the ALJ was correct in making this finding. *See Kelley v. Barnhart,* 372 F.3d 958, 961 (8th Cir. 2004) (holding "a failure to follow prescribed medical treatment without good cause is a basis for denying benefits.").

Thus, the Court finds that because the ALJ's credibility determination is supported by "good reasons," it is entitled to deference and should be affirmed. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons

9

and substantial evidence).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE